GATELY, Respondent, v. BATEMAN, Appellant.

No. 6708; April 15, 1881.

Street Assessment—Sufficiency of Description.—Where the board of supervisors declare their intention that sidewalks on a street be reconstructed, and one lot with a frontage of eighty-six feet is charged in the assessment for new sidewalks with only thirty-nine feet, there being nothing in the assessment or diagram indicating which particular thirty-nine feet is made subject to assessment or that such thirty-nine feet are separately assessed, the description is insufficient.[1]

Street Assessment—Charging Lots Separately.—The superintendent of streets has no power to charge each separate lot with the work done in front of it; if sidewalks between certain termini are ordered reconstructed, all the lots fronting on the street are to be treated as benefited in the proportion that each bears to the whole frontage.

Street Assessments—Separate Charges for Old and New Sidewalks.—The superintendent of streets has no power to make separate assessments on lots for old and new sidewalks, but the assessment must be to each lot for a share of the whole expense of reconstruction in the proportion its frontage bears to the whole.

Street Assessment—Necessity of Appeal to Supervisors.—A property owner is not bound to appeal to the board of supervisors to have a void assessment annulled.

APPEAL from the Fourth District Court of the City and County of San Francisco.

M. Reiley for appellant; J. C. Bates for respondent.

McKINSTRY, J.—This is a suit to foreclose street assessment in San Francisco.

---

[1] Cited and approved in McSherry v. Wood, 102 Cal. 650, 36 Pac. 1010. In that case the assessment showed on its face that the charge for laying redwood curbs and sidewalks was against only a few certain lots, whereas for sewering, regrading, macadamizing, etc., it was upon the whole district, but the court held the board of supervisors to have acted within their powers here and that the inequality was only apparent. "In the absence of a showing to the contrary," it was said, "the presumption will be indulged that no sidewalks were laid except in front of the lots as shown in the assessment."

The board of supervisors declared their intention and ordered that the sidewalks on Leavenworth street from Pacific to Jackson streets be "reconstructed."

Lot 8 on which it is sought to enforce the assessments— is represented on the diagram accompanying the assessments with a frontage of eighty-six feet nine and one-quarter inches. It is charged in the assessment for "new sidewalks" with thirty-nine feet, but there is nothing in the assessment or diagram to indicate which thirty-nine feet of the eighty-six feet nine and one-quarter inches is made subject to the assessment, and nothing in the diagram indicating that thirty-nine feet of the frontage is separately assessed for any work. The statute requires that the diagram shall show the number of front feet assessed "for work contracted for and performed"—shall show each lot assessed: Laws 1871–72, p. 313. It has been repeatedly held by this court that each lot assessed must be distinctly described upon the diagram.

An objection to the proceedings of the superintendent, at least equally weighty, is based on his attempt to charge each separate lot with the work done in front of it. It may be seriously doubted whether a law which should provide such a distribution of the burden would be constitutional: Woodbridge v. Detroit, 8 Mich. 301; People v. Mayor of Brooklyn, 4 N. Y. 419. But whether the legislature has power thus to provide, it has not thus provided by the law under which the attempt is made to justify these assessments.

As we have seen, the board of supervisors ordered that the sidewalks between certain termini should be "reconstructed." The evident purpose of the statute is to treat such a reconstruction as of benefit to all the lots of land fronting upon the street—in proportion to the whole frontage of each lot: Act of April 1, 1872, passim; Stats. 1871–72, p. 804. The mere fact that more expense or labor is required in making good the sidewalk opposite a particular lot would constitute no sufficient reason why the law should require that lot to pay more than its ratable proportion of the expense of reconstructing the whole sidewalk. It is enough to say, however, that the law does not authorize any such discrimination, or any departure from the mode it prescribes. Yet the superintendent distributed the expense of reconstructing the sidewalks into two assessments, one for "new" and one for

"old" sidewalks—charging some of the lots for new, not for old; some for old, not for new; others, again, in part for new and in part for old sidewalks. By "old sidewalks" we understand to have been intended the portions of the walks repaired, as distinguished from the portions entirely rebuilt, and of new material. An examination of the statute clearly shows the only method contemplated by its provisions of assessing for the reconstruction of sidewalks to be an assessment of all the lots along the reconstructed line, each lot being assessed for a share of the whole expense in the proportion its frontage bears to the whole frontage.

For "new" sidewalks lot 1 is assessed twelve and one-half feet, while it is represented with a frontage of forty feet; lot 2, shown by the diagram to front twenty feet on the reconstructed work, is not assessed at all for "new" sidewalks. Even if the superintendent had power to make two assessments for work done in reconstructing the sidewalks, each must pervade the whole assessment district—must extend to and include, and impose its ratable tax upon, every lot benefited. But part of the lands within the assessment district (and declared by the legislative act to be benefited by the reconstruction of the sidewalks) was not assessed by the superintendent for "new" sidewalks; part of the lands within the district was not assessed for "old" sidewalks. It follows that the assessments for the old and new sidewalks are invalid: People v. Lynch, 51 Cal. 15.

The case is not one of a miscalculation on the part of the superintendent, or of an overcharge upon the particular lot of land. It involves a question of power. So far as the assessments for reconstructing the sidewalks are concerned, the superintendent disregarded the whole scheme of the statute.

The pretended assessments for old and new sidewalks are not assessments. They cannot be corrected, altered or modified (Stats. 1871–72, p. 815), and the property owner was not bound to appeal to the supervisors to have "annulled" that which was already void.

The assessment for "planking and curbs" seems to be regular, and to have been accompanied by a proper diagram.

The order denying defendant's motion for a new trial is reversed, and the court below directed to grant such motion, unless the plaintiff shall consent to modify the judgment in accordance with the views expressed in the foregoing opinion.

We concur: Ross, J.; McKee, J.